IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

NATHAN SCOTT GRIFFIN,          )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. CIV-10-138-RAW
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

**REPORT AND RECOMMENDATION**

Plaintiff Nathan Scott Griffin (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on January 29, 1977 and was 32 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a housekeeper, laborer, and assembler. Claimant alleges an inability to work

beginning December 15, 2006 due to limitations resulting from migraines, heart problems, back pain, and depression.

## Procedural History

On May 3, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 16, 2009, an administrative hearing was held before ALJ Deborah Rose in Tahlequah, Oklahoma. On May 13, 2009, the ALJ issued an unfavorable decision on Claimant's applications. On February 19, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform his past relevant work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to consider all of Claimant's severe impairments; (2) reaching an incorrect RFC finding; and (3) determining Claimant could return to his past relevant work.

**Consideration of Claimant's Impairments**

In her decision, the ALJ determined Claimant suffered from the severe impairments of generalized anxiety disorder, somatization disorder, personality disorder, and degenerative disc disease/degenerative joint disease of the lumbar spine. (Tr. 19). Claimant first suggests that his history of migraine headaches should have been included in his impairments. The ALJ recognized Claimant had a history of migraine headaches since the age of 12. Claimant testified to vision problems caused by migraine headaches. (Tr. 22).

On September 13, 2006, Claimant reported to Dr. Rick Robbins that he had missed work due to migraines and sciatica. Dr. Robbins prescribed Toprol. (Tr. 214). He returned to Dr. Robbins on December 8, 2006 with complaints of migraines, among other conditions. Claimant had not worked all week. (Tr. 211). Claimant complained of migraine headaches to Dr. Ron Gann on October 13, 2007. (Tr. 227). No other reference to migraine

5

headaches or their impact upon his ability to work is contained in the record.

Claimant also contends his heart problems should have been considered as a severe impairment. On May 5, 2006, Claimant was attended by Dr. Riley Foreman, a cardiologist. Claimant complained of shortness of breath, chest pain, and fatigue. Dr. Foreman performed an echocardiogram. The testing revealed unchanged mild to moderate mitral regurgitation but an increase in right ventricular systolic pressure as compared to a prior echocardiogram. Claimant was referred for a catheterization. (Tr. 181-82). On May 15, 2006, Dr. Foreman performed the catheterization. The testing did not reveal the cause for his alleged symptoms. (Tr. 178-80). On May 16, 2007, Claimant performed a multiplane transesophogeal echocardiogram with bubble study. The study was normal. (Tr. 176-77).

On September 18, 2008, Dr. Yee Ong ordered an echocardiogram. The testing revealed normal left ventricle size and systolic function, mild to moderate mitral regurgitation, and mild tricuspid regurgitation. (Tr. 282). On October 21, 2008, Claimant underwent a cardiac stress test and echocardiogram with no chest pain, no arrhythmias, no ST abnormality, no heart wall motion abnormalities, and good exercise tolerance. (Tr. 278-80). While both Dr. Ong and

6

Dr. Foreman were prepared to move forward with additional studies, no evidence of any such testing or further impairment resulting from Claimant's alleged cardiac condition appears in the medical record.

At step two of the sequential evaluation process, the ALJ must determine whether a claimant suffers from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1521.

In this case, neither Claimant's migraine headaches nor his cardiac condition represents a severe impairment. Despite Claimant's testimony of limitation, the physicians who tested Claimant did not find any condition which would give rise to the symptoms Claimant proclaimed. Consequently, the ALJ did not commit error in failing to designate these two conditions as severe impairments.

### RFC Determination

In her decision, the ALJ found Claimant retained the RFC to perform a wide range of medium work. She found Claimant could occasionally lift and/or carry 50 pounds or 25 pounds frequently

and could stand/walk or sit for 6 hours. The ALJ found moderate limitations in Claimant's abilities to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, accept instructions and criticism from supervisors appropriately, and to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 21).

Claimant challenges the ALJ's RFC determination by way of challenging her findings on Claimant's credibility, since he testified to considerably greater limitations in his functioning than found in the ALJ's RFC. The problem with the ALJ's findings on credibility lies with the original finding that Claimant suffered from the severe impairment of somatization disorder - a disorder in which a person had physical symptoms that are caused by psychological problems, and no physical problem can be found. The ALJ did not consider the effect of Claimant's severe impairment of somatization disorder upon his credibility. On remand, the ALJ shall consider Claimant's condition in making her credibility findings.

Additionally, the ALJ rejected the Medical Source Statement by Claimant's treating physician, Dr. Robbins, giving it "no weight"

because the statement "is obviously based upon the claimant's subjective complaints." (Tr. 24). These findings are entirely inadequate in order to reject a treating physician's opinion.

The ALJ is required to give it controlling weight, unless circumstances justify giving it a lesser weight. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the

treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted). On remand, the ALJ shall abide by this analysis in considering Dr. Robbins' opinion.

### Past Relevant Work

Since the ALJ's RFC determination is flawed, her consideration of Claimant's past relevant work and Claimant's ability to return to it is equally flawed. The ALJ failed to provide the necessary

10

analysis at step four to make this determination. <u>Frantz v. Astrue</u>, 509 F.3d 1299, 1304 (10th Cir. 2007). On remand, the ALJ shall consider the specific requirements of Claimant's past work in light of his limitations.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 29th day of August, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

11